ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| KEYLA ACEVEDO AQUINO<br><br>Recurrida<br><br>MANUEL ANTONIO MARTÍNEZ SOTO<br><br>Peticionario<br><br>v.<br><br>Ex Parte | KLCE202401233 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.<br>E DI2016-0906<br><br>Sobre:<br>Divorcio – Consentimiento Mutuo |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Grana Martínez y el Juez Adames Soto

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de enero de 2025.

I.

El 20 de septiembre de 2016, el Sr. Manuel A. Martinez Soto y la Sra. Keila Acevedo Aquino instaron Demanda de divorcio por la causal de consentimiento mutuo. El 29 de septiembre de 2016 se dictó sentencia decretándose roto y disuelto el vínculo matrimonial entre ellos. Entre los acuerdos acogidos en la sentencia del 29 de septiembre de 2016, el señor Martínez Soto, cedió a la señora Acevedo Aquino, su participación en el inmueble ubicado en la Urbanización Reparto Valenciano en Juncos, Puerto Rico. Ante la negativa de este a entregar la aludida propiedad, el 19 de agosto de 2021, la señora Acevedo Aquino presentó *Urgente Moción en Solicitud de Desacato*. El 13 de noviembre de 2023, el Foro de primera instancia ordenó al señor Martínez Soto expresarse con relación a *Urgente Moción en Solicitud de Desacato*. El 7 de diciembre de 2023, el señor Martínez Soto presentó *Moción en Cumplimiento de Orden*.

El 8 de agosto de 2024 el señor Martínez Soto presentó *Solicitud de Sentencia Sumaria*. Planteó, en su sustrato, que la

propiedad es un bien privativo suyo. El 6 de septiembre de 2024 acudió al Foro *a quo* mediante *Moción Solicitando se tenga por Sometida sin Oposición "Moción De Sentencia Sumaria.* El 10 de septiembre de 2024, la señora Acevedo Aquino se opuso a que se dictara sentencia sumaria.

El 19 de agosto de 2024, notificada el 18 de septiembre de 2024, el Tribunal de Primera Instancia declaró **No Ha lugar** la solicitud a que se dictara sentencia sumaria. El 1 de octubre de 2024, el señor Martínez Soto pidió reconsideración. Denegada la misma el 9 de octubre de 2024, según le fuera notificada el 15 de octubre de 2024, el señor Martínez Soto recurrió ante nos mediante *Certiorari.* Señala:

**SEÑALAMIENTO DE ERROR:**

**Erró el foro de instancia al no dictar sentencia sumaria a pesar de no existir controversia de hechos y la señora Keila Acevedo Aquino presentar una tardía e inoficiosa oposición a la sentencia sumaria. En defecto de lo anterior incumplió el foro de instancia al no realizar una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos.**

El 3 de diciembre de 2024 concedimos plazo de diez (10) días a la señora Acevedo Aquino para que se expresara sobre el recurso. El 16 de diciembre compareció según le solicitáramos.

Con el beneficio de la comparecencia de ambas partes, el Derecho y jurisprudencia aplicable, estamos en posición de resolver.

II.

Todo dictamen emitido por el Tribunal de Primera Instancia en el curso del proceso judicial es revisable, bien sea por apelación o por *certiorari.* El auto de *certiorari* es un remedio procesal utilizado para que un tribunal de mayor jerarquía pueda corregir un error cometido por un tribunal inferior. Distinto a los recursos de apelación, el tribunal de superior jerarquía tiene la facultad de

expedir el auto de *certiorari* de manera discrecional. Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera.[1] No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción.[2]

Con el fin de que podamos ejercer de una manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento de este Tribunal nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. Dispone:

> **Regla 40. Criterios para expedición del auto de *certiorari***
>
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> > (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> > (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> > (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> > (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> > (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> > (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> > (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[3]

---

[1] *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79 (2001).
[2] *Medina Nazario* v. *McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *Pueblo* v. *Custodio Colón*, 192 DPR 567, 588 (2015).
[3] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

El *certiorari,* como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso.[4] La denegatoria de expedir un auto de *certiorari,* no constituye una adjudicación en los méritos.

El tribunal de instancia goza de amplia discreción para pautar el manejo de los casos ante su consideración, a fin de lograr la búsqueda de la verdad y que sean adjudicados de manera rápida y correctamente. Como Foro intermedio, no vamos a intervenir con el ejercicio de tal autoridad, excepto se demuestre que medió craso abuso de discreción, que hubo una interpretación o aplicación errónea de una norma procesal o sustantiva de derecho y que la intervención revisora evitará perjuicio sustancial a la parte alegadamente afectada.[5]

## III.

En este caso, tal y como resolvió el Tribunal de Primera Instancia, trata de un procedimiento de ejecución de una sentencia final y firme, en la que se consignó que el señor Martinez Soto cedió el bien inmueble objeto de controversia a la señora Acevedo Aquino.

Por lo tanto, no erró el Foro recurrido al denegar la petición de sentencia sumaria y considerar dicha petición como una oposición a que se llevara a cabo el procedimiento de ejecución de sentencia ya iniciado. Bajo los criterios de la Regla 40 de nuestro Reglamento, *denegamos* la expedición del auto solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] *Pérez* v. *Tribunal de Distrito,* 69 DPR 4, 7 (1948).
[5] *García* v. *Asociación,* 165 DPR 311 (2005); *Meléndez,* 151 DPR a las págs. 664-665.